CHARLES F. MEAGHER, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 24105. Promulgated June 13, 1930.

*H. A. Mihills, C. P. A.*, for the petitioner.
*Maxwell E. McDowell, Esq.*, for the respondent.

70

OPINION.

TRUSSELL: The issue presented in this proceeding is one of law, there appearing to be no dispute as to the facts in connection with the transaction or in respect to the figures and amounts involved.

It is admitted by respondent that the transfer of these assets by petitioner was one which, under the provisions of section 202 (c) (3) of the Revenue Act of 1921, gave rise to neither gain nor loss. However, he contends that in this transfer the disposal of installment obligations which, had they been retained and not disposed of by petitioner, would not have represented income until succeeding years when they were actually collected, constituted a use of such assets by petitioner, resulting in the present realization of the profit represented in them, and that consequently petitioner is taxable upon the amount of this profit in the year in which they were exchanged for stock in the newly organized corporation. Respondent cites in support of his contention our decision in *Packard Cleveland Motor Co.*, 14 B. T. A. 118.

The decision cited is not in point. In that case the disposal of the accounts receivable was one by the taxpayer to a finance corporation for cash in a transaction giving rise to loss or gain, and one in which the taxpayer unquestionably had a present realization of the deferred payments. In the present case petitioner has disposed of his deferred payment obligations in an exchange which, under the specific provision of the taxing statute, can not be considered as effect-

ing a realization of a taxable gain. The situation here presented resembles more closely those cases in which certain deferred payment obligations under sales made upon the installment basis were by the owner disposed of by gift, and in which we held that, having disposed of such obligations and the collection thereof being by the donee and being his property when collected, the donor could not be considered as in receipt of income in respect thereof, either in the year in which the gift was made or when such installments were collected by the donee. *R. L. Brown*, 14 B. T. A. 609; *Wallace Huntington*, 15 B. T. A. 851; *M. A. Milan*, 16 B. T. A. 1111.

The reasoning by which the conclusion reached in the cited cases was arrived at applies, we think, with equal force to the situation presented in the instant case, for here we have a disposal of the deferred payment obligations in a transaction which gives rise to neither loss nor gain and the realization of the amounts represented by the deferred payments is made by the corporation to which they were conveyed, such amounts representing assets of that corporation when collected. We can not see the distinction drawn by respondent in his contention that to consider the transfer of these assets in this manner as a realization of income will not be to disregard the provisions of section 202 (c) (3) of the Revenue Act of 1921. As we see it, to hold that this transaction resulted in a realization of income from these accounts receivable would be to hold that the transfer made by petitioner was one from which a gain accrued, which is contrary to the provision of the section cited, the meaning of which is plain and unambiguous.

We can but conclude that the transfer by petitioner of these installment obligations in a transaction which, under existing law is held not to result in taxable gain, can not be considered as a present realization of income therefrom, and this conclusion is further strengthened by the fact that the determining of a taxable gain from such a transaction is first provided for by the Revenue Act of 1928, in section 44 (d), reading as follows:

(d) *Gain or loss upon disposition of installment obligations.*—If an installment obligation is satisfied at other than its face value or distributed, transmitted, sold, or otherwise disposed of, gain or loss shall result to the extent of the difference between the basis of the obligation and (1) in the case of satisfaction at other than face value or a sale or exchange—the amount realized, or (2) in case of a distribution, transmission, or disposition otherwise than by sale or exchange—the fair market value of the obligation at the time of such distribution, transmission, or disposition. The basis of the obligation shall be the excess of the face value of the obligation over an amount equal to the income which would be returnable were the obligation satisfied in full.

This section is not by its terms made retroactive and, as we pointed out in *Wallace Huntington*, *supra*, the insertion of this new provi-

sion in that act was clearly indicated by the report of the Committee on Finance of the Senate, and the Committee on Ways and Means of the House of Representatives, to be for the purpose of changing the condition existing under the prior revenue acts, including the Revenue Act of 1921, here involved, under which it was possible to dispose of installment obligations in a transfer not giving rise to loss or gain and thereby evade tax liability in respect to the income which would otherwise be represented by them.

Respondent's insistence that his contention should be accepted, as otherwise the amount represented by the profit included in the installment obligations would escape tax, is not convincing. We can not disregard the specific provision of the Act merely upon the ground that to give it effect would cause certain income to escape tax. In fact, such was the result under our decisions in the cases heretofore cited, but in the present case that result does not necessarily follow, as this petitioner has received in the transaction stock of the corporation in exchange for the assets conveyed, and the realization as income of the value represented by the profit included in the amount of the installment obligations in question, is merely deferred until the sale by him of the stock received upon such sale, as his gain would be measured upon the basis of the cost to him of the transferred assets, which would not include the $53,488.57 of profit included in the $117,863.13 of installment obligations.

*Judgment will be entered for the petitioner.*