**ADVANCE ALUMINUM CASTINGS CORPORATION v. HARRISON, Collector of Internal Revenue.**

No. 8920.

Circuit Court of Appeals, Seventh Circuit.

Dec. 27, 1946.

Rehearing Denied Jan. 29, 1947.

J. Albert Woll, U. S. Atty. of Chicago, Ill., Douglas W. McGregor, Sewall Key and Harry Marselli, United States Department of Justice, all of Washington, D. C., Helen R. Carloss, Sp. Asst. to Atty. Gen., and John B. Stephan, Asst. U. S. Atty. of Chicago, Ill., for appellant.

James F. Spoerri, and Bobb, Spoerri, Bourland & Harris, all of Chicago, Ill., for appellee.

Before MAJOR and MINTON, Circuit Judges, and LINDLEY, District Judge.

MINTON, Circuit Judge.

Advance Pattern and Foundry Company, hereafter referred to as Pattern, was a wholly-owned subsidiary of Advance Aluminum Castings Corporation, hereafter referred to as Castings. Pattern was engaged in the sale of aluminum utensils on the installment contract plan and had availed itself of the applicable provisions of the Internal Revenue Act to file its income tax returns on the installment sales basis.

In 1936 the two corporations were merged under the laws of Illinois, and Pattern transferred all of its assets, including the installment sales contracts, to Castings. Pattern, as had been its custom in the past, filed a tax return in accordance with the above statute on the installment sales basis covering all installment sales collections

it had received up to September 26, 1936, the date of the merger and assignment of the installment contracts to Castings, and Castings made a similar return of all installment sales collections for the balance of the year. Following this method, Pattern's return for 1936 reported net income for excess profits tax computation of $80,959.67 and for income tax computation of $80,528.42. The Commissioner examined the return of Pattern and determined its net income from January 1, 1936 to September 26, 1936 to be $143,063.69 and assessed a deficiency accordingly as to income and excess profits taxes. Of the increase in the net income of Pattern, only one item of $45,143.53 is challenged in this action. This $45,143.53 increase resulted from a determination that pursuant to the provisions of Section 44(d) of the Revenue Act of 1936, 26 U.S.C.A. Int.Rev.Code, § 44(d), a gain should be recognized by Pattern upon the distribution of its installment contracts to the extent of the difference between the basis of the contracts and the fair market value thereof at the time of the distribution or assignment. The Commissioner determined the fair market value of the installment sales contracts to be 70% of their face value.

Castings, as assignee of Pattern, paid the deficiency and brought this action against the Collector to recover. From judgment for Castings, the Collector has appealed.

The sole question for our determination is whether the installments collected from January 1, 1936 up to and including September 26, 1936, the date of the merger, and those collected after the merger should be returned by Pattern and Castings respectively on the installment sales basis, or whether the contracts assigned and transferred by Pattern to Castings at the time of the merger should have been valued and the difference between the basis of the contracts and their fair market value included in Pattern's return of net income.

The position of the Collector is that 26 U.S.C.A. Int.Rev.Code, § 44(a)[1] authorizes the use of the installment plan as Pattern used it prior to the merger and assignment of its installment sales contracts to Castings; but the Collector contends that when the contracts were so assigned, it was a disposition thereof under 26 U.S.C.A. Int.Rev. Code, § 44(d),[2] and the gain should be determined by the difference between the basis of the contracts and their fair market value as of the date of the assignment; and that Pattern had no right to use the installment sales basis in its return for the period from January 1, to September 26, 1936, and Castings had no right to use the installment sales basis after the merger on September 26, 1936.

We would have been grateful to counsel for the plaintiff if he had observed the rules of this Court and not led us through over sixty pages of irrelevant briefing. We appeal to counsel to observe the rules more faithfully.

Merger proceedings of this nature come within another provision of the Internal Revenue Act which provides: "No gain or loss shall be recognized upon the receipt by a corporation of property distributed in complete liquidation of another corporation. * * *" 26 U.S.C.A. Int.Rev.Code, § 112 (b) (6).

That this merger comes squarely within this provision cannot be doubted. Castings, the parent, took over all of the assets of

---

1 "(a) *Dealers in personal property.* Under regulations prescribed by the Commissioner with the approval of the Secretary, a person who regularly sells or otherwise disposes of personal property on the installment plan may return as income therefrom in any taxable year that proportion of the installment payments actually received in that year which the gross profit realized or to be realized when payment is completed, bears to the total contract price."

2 "(d) *Gain or loss upon disposition of installment obligations.* If an installment obligation is satisfied at other than its face value or distributed, transmitted, sold, or otherwise disposed of, gain or loss shall result to the extent of the difference between the basis of the obligation and (1) in the case of satisfaction at other than face value or a sale or exchange—the amount realized, or (2) in case of a distribution, transmission, or disposition otherwise than by sale or exchange—the fair market value of the obligation at the time of such distribution, transmission, or disposition. * * *"

Pattern, the subsidiary, and assumed all of its liabilities, and Pattern went out of existence—a complete liquidation.

▇▇▇ In such a situation another provision of the Revenue Law comes into operation: when a corporation receives property from another corporation within the meaning of Sec. 112(b) (6), as Castings received the installment sales contracts from Pattern, such receiving corporation receives it on the same basis for tax purposes as it was held by the liquidated corporation. 26 U.S. C.A. Int.Rev.Code, § 113(a) (15). Since the property Castings received from Pattern was property which Pattern held with the privilege of making returns on the installment basis, Castings held the same property with the same privilege and on the same basis. Pattern's return of this income on the installment basis up to September 26, 1936 and Castings' return of the income on the same basis thereafter were in accordance with the authorization of the statute, and the District Court committed no error in its conclusions of law.

▇▇▇ The Collector contended at the argument that this point under Sec. 113 (a) (15) was not presented below and could not be raised here. We think there is nothing in this contention. The facts as stipulated and found by the court would warrant the application of this statutory provision to such a factual situation. If the complaint was not broad enough to include this issue, the parties by their stipulation avoided the difficulty by providing in Paragraph 12 thereof as follows: "If, and to the extent that facts as set forth hereinabove are different from the facts as pleaded by either party, the pleading requiring correction is to be deemed amended to conform to the proof as found in this stipulation. * * *"

Furthermore, with the facts as admitted by this stipulation, the plaintiff would have the right to raise the issue here even if the provision of the stipulation above set forth had not been inserted. Federal Rules of Civil Procedure, Rule 15(b), 28 U.S.C.A. following section 723c.

We find no error in the record, and the judgment of the District Court is affirmed.